# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3537

_____

United States of America,        *
                                   *

         Appellee,        *

                                   *    Appeal from the United States
     v.                      *    District Court for the Eastern
                                   *    District of Arkansas.

Harold D. Ray,             *

                                   *

         Appellant.       *

_____

Submitted: April 16, 2002
Filed: May 29, 2002

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

This case returns after a remand to the district court for resentencing on two of the counts on which Harold D. Ray was convicted. Ray originally received 97 month concurrent sentences for conspiracy to distribute marijuana, for aiding and abetting marijuana distribution, and for witness tampering. We affirmed his convictions, but remanded for resentencing on the two drug counts because of an error under Apprendi v. New Jersey, 530 U.S. 466 (2000). See United States v. Ray (Ray I), 250

F.3d 596, 603 (8th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1459 (2002).[1] On remand the district court sentenced Ray to 60 months on each of the drug counts, to be served concurrently with his 97 month sentence for witness tampering. Ray again appeals, and we affirm.

Ray was involved in a drug trafficking operation that regularly transported marijuana from Texas to Arkansas and Tennessee in a chartered airplane. He was charged and convicted on three counts: conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846, aiding and abetting the possession with intent to distribute approximately 34 pounds of marijuana in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841, and attempted witness tampering in violation of 18 U.S.C. § 1512(b)(1). The issue of drug quantity was not submitted to the jury but was decided by the district court, which found that Ray was responsible for between 60 and 80 kilograms of marijuana. Ray's base offense level was calculated at 22 and his total offense level at 28 after two types of enhancements were applied: a mandatory increase to level 26 for using an aircraft to transport controlled substances and a two level increase for witness tampering. United States Sentencing Commission, <u>Guidelines Manual</u>, §§2D1.1(a)(3), (b)(2), (c)(9), 3C1.1 (Nov. 2000). Ray's total offense level combined with his criminal history category of III resulted in a guidelines range of 97 - 121 months. USSG §5A. The district court sentenced Ray to 97 months on each of the three counts, to be served concurrently.

Ray raised a number of issues on his first appeal, only one of which had success. We affirmed his convictions but remanded under <u>Apprendi</u> "for resentencing on the drug counts," 250 F.3d at 603, because the issue of drug quantity had not been submitted to the jury and the 97 month sentences on those convictions exceeded the 60 month statutory maximum for possession with intent to distribute less than 50

_____

[1] Ray's petition for certiorari addressed only one of the issues decided by this court on his earlier appeal – double jeopardy.

kilograms of marijuana.  See 21 U.S.C. § 841(b)(1)(D).  Ray's 97 month sentence on his witness tampering conviction did not exceed the 120 month statutory maximum for that crime, see 18 U.S.C. 1512(b), and the remand did not include resentencing on that count.  On remand the district court imposed 60 month sentences on the two drug counts, to be served concurrently with the 97 month sentence previously imposed for witness tampering, and Ray appeals.

Ray claims that the sentence imposed on remand was improper under Apprendi and the sentencing guidelines.  He now argues that the 97 month sentence previously imposed for witness tampering violates Apprendi because it exceeds the 60 month statutory maximum applicable to the two drug counts.  He contends that his sentence for witness tampering should have been no more than 24 to 30 months.  He arrives at this guideline range by considering the witness tampering offense in isolation and starting with a base offense level of 12, then adding a three level enhancement for substantial interference with the administration of justice.  He then arrives at a total offense level of 15.  USSG §§2J1.2(a), (b)(2).

The government responds that Ray cannot appeal his 97 month sentence for witness tampering because it has become the law of the case and that the court determined in Ray I that his total offense level would not be impacted if a quantity of marijuana below the statutory maximum were used in the calculation.  Ray I, 250 F.3d at 602-03.  The government states there was no Apprendi error on resentencing because none of the three sentences exceeds the applicable statutory maximum and concurrent sentences were appropriate to achieve total punishment under USSG §5G1.2(c).

We discussed the application of the guidelines to Ray and his convictions in Ray I and that analysis remains the law of the case.  United States v. Behler, 187 F.3d 772, 776 (8th Cir. 1999).  In Ray I we stated that "the jury found Ray responsible for an offense involving an unspecified amount of marijuana, which is sufficient to

support a sentence of up to 60 months under § 841(b)(1)(D)." 250 F.3d at 603. We also pointed out that even if Ray's argument were accepted that he was responsible for only 19 kilograms of marijuana, his guideline sentencing range would remain unaffected because his use of a chartered airplane to transport drugs must increase his offense level to 26 even with the lower drug quantity, USSG §2D1.1(b)(2), and he was subject to a two level enhancement for the witness tampering conviction under USSG §3C1.1. Id. at 602. His total offense level for all three counts would thus still be 28 which, combined with criminal history category III, produces a 97 - 121 month sentencing range. USSG §5A. While it is true that under Apprendi the statutory maximum of 60 months for each drug conviction could not have been exceeded based on quantity because that issue had not been submitted to the jury, Ray's guideline range would not have been affected. Id.

Under the guideline system, the total punishment for multiple offenses is to be determined by the adjusted offense level and "[t]o the extent possible, the total punishment is to be imposed on each count." USSG §5G1.2, comment. (n.1). Ray I remanded for resentencing on the drug counts, but not on the witness tampering count. Ray's 97 month sentence for witness tampering reflected the total appropriate punishment as determined by his adjusted offense level.

On resentencing the district court corrected any infirmity under Apprendi and sentenced Ray to 60 months on each of the two drug counts, making them concurrent to each other and to the 97 month sentence for witness tampering. This was consistent with USSG §5G1.2(c), which provides that sentences are to be run concurrently if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve total punishment. After Ray I the witness tampering conviction carried the highest statutory maximum (120 months), and the previously imposed 97 month sentence on that count was adequate to achieve total punishment. Even if we had remanded for resentencing on all three counts, however, Ray would not have been entitled to the 24 - 30 month range he claims, because his guideline

range remained 97 - 121 months and his sentences would have been run consecutively under USSG §5G1.2(d) to achieve total punishment consistent with that range.

Ray's current <u>Apprendi</u> claim is without merit. <u>Apprendi</u> requires that any fact other than a prior conviction "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The statutory maximum for each of Ray's drug convictions is 60 months, 21 U.S.C. § 841(b)(1)(D), and the statutory maximum for the witness tampering conviction is 120 months. 18 U.S.C. § 1512(b). Ray's argument that his 97 month sentence for witness tampering violates <u>Apprendi</u> because it exceeds the 60 month statutory maximum on the two drug counts is foreclosed by <u>United States v. Nicholson</u>, 231 F.3d 445, 453 (8th Cir. 2000). In <u>Nicholson</u>, we remanded for resentencing on two counts that exceeded the statutory maximum, but we affirmed the defendant's conviction and sentence on the third count because the sentence was within the statutory sentencing range. <u>Id.</u> The sentence for each count must appropriately "stand[] on its own" after full consideration of the <u>Apprendi</u> issue. <u>Id.</u> Here, the district court eliminated the <u>Apprendi</u> problem by resentencing Ray to 60 months on each drug count. The sentence on each count can appropriately stand on its own. No <u>Apprendi</u> violation remained because the concurrent 97 month sentence on the witness tampering count was below the 120 month statutory maximum, and <u>Apprendi</u> was not implicated by the use of relevant conduct underlying Ray's drug convictions to enhance his witness tampering sentence. <u>See, e.g.</u>, <u>United States v. Feola</u>, 275 F.3d 216 (2d Cir. 2001) (per curiam).

For these reasons, we affirm the judgment of the district court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-