# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1233

_____

|  |  |  |
|---|---|---|
| Lenford Never Misses a Shot, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| United States of America, | * | |
| | * | [PUBLISHED] |
| Appellee. | * | |

_____

Submitted: July 1, 2005
Filed: July 7, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Lenford Never Misses A Shot appeals the district court's[1] judgment denying his initial motion pursuant to 28 U.S.C. § 2255 to set aside his sentence. Never Misses A Shot argues that his 220-month sentence for sexual abuse and escape convictions was imposed in violation of United States v. Booker, 125 S. Ct. 738 (2005). Because we conclude that Never Misses A Shot may not collaterally attack his sentence based on Booker, we affirm.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Never Misses A Shot pleaded guilty to sexual abuse, see 18 U.S.C. §§ 1153 and 2242(2), and escape, see 18 U.S.C. § 751(a). At his May 2004 sentencing, relevant to the sexual-abuse conviction, the district court increased Never Misses A Shot's base offense level of 27 by 4 levels because the victim was abducted, by 2 levels because the victim was in his custody or care, by 2 levels because the victim was vulnerable, and by 2 levels for obstruction of justice. The total offense level of 37 and Category I criminal history resulted in a Guidelines imprisonment range of 210-262 months, subject to a 240-month statutory maximum. For the escape conviction, the district court calculated a total offense level of 11 and a Category II criminal history, for a Guidelines imprisonment range of 10-16 months. The court sentenced Never Misses A Shot to consecutive prison terms of 210 months and 10 months, and 3 years of supervised release. Never Misses A Shot had retained in his plea agreements only the right to appeal an upward departure from the Guidelines sentencing range, and he did not appeal. His convictions became final on May 24, 2004, ten days after the entry of judgment. See Fed. R. App. P. 4(b)(1)(A); Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

In November 2004, Never Misses A Shot filed this section 2255 motion, claiming that the procedure employed in computing his offense level--whereby his sentencing range was increased predicated on facts neither admitted by him nor proved to a jury beyond a reasonable doubt--violated the Sixth Amendment. Never Misses A Shot relied on the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), issued on June 24, 2004. He asserted that the appropriate sentencing range for the sexual-abuse conviction--assuming an offense level of 27 and Category I criminal history--was 70-87 months imprisonment, and that the appropriate sentencing range remained 10-16 months for the escape conviction.

The district court denied relief, reasoning that movant's convictions became final prior to the Supreme Court's decision in Blakely, and Blakely was not retroactively applicable on collateral review. The district court granted a certificate

of appealability on this issue. The Supreme Court then issued its <u>Booker</u> decision, and Never Misses A Shot now seeks relief based on the rule announced therein--that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," <u>see</u> 125 S. Ct. at 756.

We review de novo the district court's denial of a section 2255 motion. <u>See</u> <u>Bear Stops v. United States</u>, 339 F.3d 777, 779 (8th Cir.), <u>cert. denied</u>, 540 U.S. 1094 (2003); <u>see also</u> <u>Rogers v. United States</u>, 1 F.3d 697, 699 (8th Cir. 1993) (per curiam) (noting that § 2255 motion may not do service for appeal, but considering merits of issue not raised on direct appeal because district court did so). When a Supreme Court decision results in a "new rule" of criminal procedure, that rule applies to all criminal cases still pending on direct review, but, as to convictions that are already final, the rule applies only in limited circumstances. <u>See</u> <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519, 2522 (2004). New substantive rules--which narrow the scope of a criminal statute or which place particular conduct or persons covered by the statute beyond the State's power to punish--generally apply retroactively. <u>See</u> <u>id.</u> at 2522-23. New procedural rules generally do not apply retroactively unless the rule is of "watershed" magnitude implicating "the fundamental fairness and accuracy of the criminal proceeding," or unless the rule prevents the lawmaking authority from criminalizing certain kinds of conduct. <u>See</u> <u>id.</u> at 2523; <u>Teague v. Lane</u>, 489 U.S. 288, 310-11 (1989) (unless exception applies, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before new rules are announced; exceptions are for rules that (1) place conduct beyond power of criminal law-making body to proscribe or (2) are "watershed rules of criminal procedure"); <u>United States v. Moss</u>, 252 F.3d 993, 997 & n.3 (8th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1097 (2002).

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court announced that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Applying Teague, we found that "[p]ermitting a judge-found fact to affect the sentence imposed after a valid conviction . . . cannot be said to have resulted in a fundamentally unfair criminal proceeding." See Moss, 252 F.3d at 999. We concluded that Apprendi is not of watershed magnitude and does not apply retroactively in collateral proceedings. See id. at 997.

Similarly, as all circuit courts considering the issue to date have held, we conclude the "new rule" announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings. See Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005) (holding Booker does not apply retroactively on collateral review); Guzman v. United States, 404 F.3d 139, 143-44 (2d Cir. 2005) (same); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam) (same); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005) (same); Humphress v. United States, 398 F.3d 855, 857 (6th Cir. 2005) (same); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.) (same), cert. denied, 2005 WL 1105026 (U.S. June 6, 2005) (No. 04-9994); see also Summerlin, 124 S. Ct. at 2525 (finding it implausible that judicial factfinding so seriously diminishes accuracy as to produce impermissibly large risk of injustice).

Accordingly, we affirm the judgment of the district court.

_____