# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1236

_____

| | |
|---|---|
| Harold D. Ray, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Arkansas. |
| United States of America, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: July 22, 2005
Filed:  August 10, 2005

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Harold Ray appeals the district court's[1] judgment denying his 28 U.S.C. § 2255 motion. We granted a certificate of appealability related to a sentencing enhancement under U.S.S.G. § 2D1.1(b)(2)(A) for use of a chartered airplane, and we now affirm.

A jury found Ray guilty of two marijuana offenses, as well as attempted witness tampering. In May 2000 the district court sentenced him to 97 months on each count, to be served concurrently. On direct appeal, we affirmed Ray's

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

convictions, but remanded for resentencing on the drug counts in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). See United States v. Ray, 250 F.3d 596, 599 (8th Cir. 2001), cert. denied, 535 U.S. 980 (2002). Following an August 2001 hearing, the district court resentenced Ray to 60 months on each of the drug counts, to be served concurrently with each other and with the previously imposed 97 months for attempted witness tampering, and we affirmed. See United States v. Ray, 291 F.3d 1039, 1040-41 (8th Cir.), cert. denied, 537 U.S. 1036 (2002). This section 2255 motion followed.

Ray now argues that his conduct did not fall within the meaning of "import" as used in section 2D1.1(b)(2)(A); and, citing United States v. Booker, 125 S. Ct. 738 (2005), that the district court's imposition of the enhancement violated the Sixth Amendment. Reviewing de novo, see Bear Stops v. United States, 339 F.3d 777, 779 (8th Cir.), cert. denied, 540 U.S. 1094 (2003), we conclude that Ray procedurally defaulted the first point by failing to raise on direct appeal the specific challenge to the enhancement that he now brings, see Auman v. United States, 67 F.3d 157, 160-61 (8th Cir. 1995), and that he cannot rely on Booker to challenge the enhancement in this collateral proceeding, see Never Misses A Shot v. United States, No. 05-1233, 2005 WL 1569403, at *2 (8th Cir. July 7, 2005) (per curiam).

Accordingly, we affirm.

_____