# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4140

_____

United States of America,            *
                                   *

             Appellee,       *    Appeal from the United States
                                   *    District Court for the Southern
   v.                       *    District of Iowa.
                                   *

Kenny Clyde Homer Bevard, II,   *       [UNPUBLISHED]
                                   *

            Appellant.      *

_____

Submitted: September 13, 2005
Filed: September 20, 2005

_____

Before RILEY, FAGG, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kenny Clyde Homer Bevard, II pleaded guilty to being a felon in possession of a firearm. After Bevard's conviction became final, the Supreme Court decided <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). Bevard later filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, asserting his sentence violates <u>Blakely</u>. The district court[*] denied Bevard's motion holding <u>Blakely</u> does not apply on collateral review. Bevard appeals asserting <u>Blakely</u> and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), should apply retroactively for three reasons. First, Bevard

_____

[*]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

contends <u>Blakely</u> and <u>Booker</u> did not create new procedural rules because their holdings were dictated by existing precedent. Second, Bevard argues that even if <u>Blakely</u> and <u>Booker</u> created a new procedural rule, it is a watershed rule implicating the fundamental fairness and accuracy of criminal proceedings. Third, Bevard argues <u>Blakely</u> and <u>Booker</u> created a substantive change in the law by changing the punishment available for the crime. Bevard's arguments are foreclosed by our recent decision in <u>Never Misses a Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005). Like all other circuits that have considered the issue, we held "the 'new rule' announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." <u>Id.</u> at ___.

We thus affirm the district court's denial of Bevard's motion.

_____