# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3968

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| James Clarence Stoltz, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 16, 2005
Filed: October 10, 2005

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

At issue is whether *Blakely v. Washington*, 542 U.S. 296 (2004), applies retroactively on collateral review of a conviction or sentence. This court holds that it does not.

On November 17, 1999, James Clarence Stoltz was convicted of conspiracy to manufacture, distribute and possess with intent to distribute in excess of 500 grams of methamphetamine. On appeal, this court affirmed the conviction and sentence. *United States v. Zimmer*, 299 F.3d 710 (8th Cir. 2002). Stoltz did not seek certiorari

with the Supreme Court, rendering both his conviction and sentence final. On October 20, 2003, Stoltz filed a habeas petition challenging both the conviction and sentence. The district court[1] denied all of Stoltz's claims except for the *Blakely* issue, which it certified for appeal under 28 U.S.C. § 2253(c)(3).

This case is controlled by *United States v. Booker*, 125 S. Ct. 738, 746 (2005), and *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). In *Never Misses a Shot*, this court held that *Booker* did not apply retroactively on collateral review. This court followed the analysis in *Teague v. Lane*, 489 U.S. 288 (1989), and *Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 2522 (2004). Although a new rule of criminal procedure announced by the Supreme Court applies to all criminal cases then pending on direct appeal, it does not apply to convictions that are already final, except in limited circumstances. *See Never Misses a Shot*, 413 F.3d at 783 (citing *Summerlin*, 542 U.S. at ___, 124 S. Ct. at 2522). Where a conviction is final, the new rule is retroactive only if it is either a substantive rule or a "watershed rule" of procedure "implicating the fundamental fairness and accuracy of the criminal proceeding." *Summerlin*, 542 U.S. at ___, 124 S. Ct. at 2522–23 (quoting *Saffle v. Parks*, 494 U.S. 488, 495 (1990)); *Never Misses a Shot*, 413 F.3d at 783 (citing *Summerlin*, 542 U.S. at ___, 124 S.Ct. at 2523; *Teague*, 489 U.S. at 310–11; *United States v. Moss*, 252 F.3d 993, 997 & n.3 (8th Cir. 2001)). A new rule is substantive when "it alters the range of conduct or the class of persons the law punishes." *Summerlin*, 542 U.S. at ___, 124 S. Ct. at 2523. A new procedural rule, however, is

---

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

fundamental only when without it "the likelihood of an accurate conviction is *seriously* diminished." *Id.*

The Eighth Circuit previously held in *Moss* that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not of "watershed magnitude" and thus does not apply in collateral proceedings. *Moss*, 252 F.3d at 997. Following *Moss*, *Never Misses a Shot* held that *Booker* does not affect criminal convictions that became final before *Booker* was decided. *Never Misses a Shot*, 413 F.3d at 783.

Just as *Booker* cannot be applied retroactively, neither can *Blakely*. *See Booker*, 125 S. Ct. at 746. The *Blakely* rule is not substantive because it does not alter the range of conduct or the class of persons the law punishes — it only addresses what facts a judge may use to determine a sentence. True, the rule announced in *Blakely* is a new procedural rule because it was not compelled by *Apprendi*. *See United States v. Price*, 400 F.3d 844, 848–49 (10th Cir. 2005), *petition for cert. filed*, (May 31, 2005) (No. 04-10694). However, the *Blakely* rule, like the *Booker* rule, is not of watershed magnitude. *Cf. Never Misses a Shot*, 413 F.3d at 783. The *Blakely* rule is not so fundamental to fairness that without it the likelihood of an accurate conviction or sentence is seriously diminished. Even after *Blakely* and *Booker*, the federal sentencing guidelines are advisory, and a sentence within the guidelines is presumptively reasonable. *See Booker*, 125 S. Ct. at 757; *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005).

Every circuit court to consider the issue has held that *Blakely* is not retroactive. *See, e.g., Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005); *Lloyd v. United*

*States*, 407 F.3d 608, 610–11, 615–16 (3d Cir. 2005), *petition for cert. filed*, (U.S. Aug. 5, 2005) (No. 05-5769) (explaining appellant originally claimed relief under *Blakely*, but holding "[t]hat argument is now, of course, governed by the intervening decision . . . in *Booker*"); *Price*, 400 F.3d at 848; *Varela v. United States*, 400 F.3d 864, 866–67 (11th Cir. 2005), *petition for cert filed*, (U.S. June 30, 2005) (No. 05-6041) (holding that although appellant claimed relief under *Blakely*, "[t]o the extent Varela's appeal turns on the application of *Blakely*, it also turns on the application of *Booker*"); *Carmona v. United States*, 390 F.3d 200, 202 (2d Cir. 2004); *Cuevas v. Derosa*, 386 F.3d 367, 367 (1st Cir. 2004) (holding that appeal claiming relief under *Blakely* was premature because Supreme Court had not decided if *Blakely* applied to federal sentencing guidelines).

Accordingly, this court holds that *Blakely* does not apply retroactively to convictions or sentences on collateral review.

_____