# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3696

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal From the United States |
| | * | District Court for the |
| v. | * | District of North Dakota. |
| | * | |
| Arnaldo Losoya Mancias, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2005
Filed: November 17, 2005

_____

Before SMITH, HEANEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arnaldo Losoya Mancias appeals the district court's[1] denial of his motion to vacate his criminal sentence pursuant to 28 U.S.C. § 2255. He argues that he was sentenced in violation of United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), when the district court applied a career-offender enhancement based on his prior felony conviction for escape. Because our circuit has conclusively held that a defendant may not collaterally attack his sentence on the basis of Booker, we affirm.

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

On December 17, 2002, Mancias pled guilty to the offense of possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court treated him as a career offender pursuant to United States Sentencing Guidelines section 4B1.1(a), finding that Mancias's two prior felony convictions qualified as crimes of violence. Mancias appealed, raising four issues related to his conviction, but did not appeal his sentence. This court affirmed. See United States v. Mancias, 350 F.3d 800 (8th Cir. 2003). On August 2, 2004, Mancias filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, based on Blakely. The district court denied the motion initially and upon reconsideration. This appeal followed.

In this appeal, Mancias seeks to collaterally raise a Booker claim by way of a § 2255 motion. Recently, in Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (per curiam), our court considered whether such relief was available. New procedural rules of criminal procedure, such as the one announced in Booker, only apply retroactively when they are "watershed rules of criminal procedure." Teague v. Lane, 489 U.S. 288, 311 (1989). The court in Never Misses A Shot, siding with "all circuit courts considering the issue to date," held that Booker "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses A Shot, 413 F.3d at 783-84 (noting that at the time of the opinion, the Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits had reached similar results).[2]

Never Misses A Shot squarely forecloses Mancias's § 2255 claim. His conviction became final on February 26, 2004, well before Blakely and Booker were issued, rendering his current claim a request that we apply Blakely and Booker retroactively to grant relief. To do so, we would be required to explicitly overrule

---

[2]Since Never Misses A Shot, the Ninth Circuit has also held that Booker does not apply retroactively. United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005).

<u>Never Misses A Shot</u>, which our panel is not at liberty to do.  Thus, we affirm the district court.

_____