# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3728

_____

United States of America,    *
                             *
          Appellant,         *    Appeal from the United States
                             *    District Court for the
     v.                      *    Northern District of Iowa.
                             *
Russell James Hodge,         *    [UNPUBLISHED]
                             *
          Appellee.          *

_____

Submitted: June 28, 2005
Filed: July 13, 2005

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Russell Hodge pleaded guilty to (1) being an unlawful user of a controlled substance while in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); and (2) conspiring to manufacture, distribute, and possess with intent to distribute 500 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiring to distribute pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(c)(2) and 846. After granting Hodge a minor-role reduction over the government's objection, the district court sentenced Hodge to 84 months imprisonment and 5 years supervised release. The government appeals, arguing that

the district court incorrectly granted Hodge the minor-role reduction. We reverse and remand for resentencing.

Initially, we reject Hodge's contention that United States v. Booker, 125 S. Ct. 738 (2005), renders the appeal moot by making the Guidelines advisory: the Guidelines range is still a factor that the district court must consider in sentencing a defendant. See Booker, 125 S. Ct. at 757 (sentencing court is required to consider Guidelines ranges, but the court is permitted to tailor sentence in light of other statutory concerns as well); United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005) (district court must continue to determine appropriate Guidelines range as it did pre-Booker, before it considers other 18 U.S.C. § 3553(a) factors). We review the application of the Guidelines de novo and the district court's factual findings for clear error. See Mathijssen, 406 F.3d at 498.

Upon conducting such review, we conclude the district court clearly erred in finding that Hodge played a minor role in the conspiracy. The court failed to consider and discuss Hodge's role--his admitted provision of thousands of pseudoephedrine pills during the course of the conspiracy--in the pseudoephedrine-distribution objective of the charged conspiracy, as compared to the other participants and the elements of that offense. See U.S.S.G. § 3B1.2, comment. (n.5) (minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal"); United States v. Johnson, 408 F.3d 535, 538-39 (8th Cir. 2005) (propriety of § 3B1.2 adjustment is determined by comparing acts of each participant in relation to relevant conduct for which participant is held accountable and by measuring each participant's individual acts and relative culpability against elements of offense); United States v. Johnson, 358 F.3d 1016, 1018 (8th Cir. 2004) (defendant has burden of proving entitlement to minor-role reduction).

Further, we cannot be certain that the district court's error was harmless, because it is unclear to us whether the district court would have imposed the same

sentence absent the error.  We therefore reverse the sentence and remand to the district court to resentence Hodge in accordance with this opinion, under the now advisory Guidelines regime.  See United States v. Hadash, 408 F.3d 1080, 1082 (8th Cir. 2005) (appellate court remands for resentencing pursuant to 18 U.S.C. § 3742(f)(1) when Guidelines are incorrectly applied unless error was harmless; remand is unnecessary if district court would have imposed same sentence absent application error).

_____