# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3780

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| John Douglas Whitrock, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 14, 2006
Filed: July 21, 2006

_____

Before SMITH, HEANEY, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

John Douglas Whitrock pleaded guilty without a plea agreement with the United States to twenty-two counts of actual or attempted robbery of twenty-two financial institutions, in violation of 18 U.S.C. § 2113(a). The district court[1] calculated an initial advisory Guidelines range of 87 to 108 months' imprisonment. The court then departed upward by six offense levels, which resulted in an advisory Guidelines range of 168 to 210 months' imprisonment. The court sentenced Whitrock to 180

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

months' imprisonment. Whitrock appeals the reasonableness of his sentence. We affirm.

## I. *Background*

Over an eighteen-month period, Whitrock robbed fourteen credit unions and seven banks. He also attempted an additional credit union robbery. The robberies followed a similar pattern. Whitrock would enter the financial institution dressed in outdoorsman's garb. He would then approach a teller and inform him or her that a robbery was taking place and to hand over the money. The demand was usually spoken, but Whitrock occasionally used written demand notes. During most of the robberies, Whitrock informed the teller that he had a gun or made gestures towards his waistband area as if to indicate that he had a gun. Due to the number of robberies and Whitrock's distinctive sportsman's attire, his crime spree became rather notorious,[2] gaining him the epithet "the fishing hat bandit." In total, Whitrock stole over $87,000 during his eighteen-month spree.

Whitrock's spree came to an end after the twenty-second robbery. After this robbery, the president of the heisted credit union followed Whitrock to a garage in an apartment complex and notified law enforcement. Police surrounded the garage and ultimately found Whitrock hiding in the trunk of the vehicle inside the garage.

Whitrock pleaded guilty without a plea agreement. At sentencing, the district court calculated a total offense level of 27. The base offense level for a violation of 18 U.S.C. § 2113(a) is 20. United States Sentencing Guidelines Manual ("U.S.S.G.") § 2B3.1(a). Whitrock received upward adjustments pursuant to U.S.S.G. § 2B3.1(b) because: (1) the amount of loss in one of the robberies exceeded $10,000; (2) Whitrock brandished a gun or made a threat of death in several of the robberies; and

---

[2]At sentencing, the district court noted how Whitrock's series of bank robberies caught widespread public and media attention. (Sent. Tr. 27).

-2-

(3) the property of a financial institution was taken in each robbery. These facts increased the offense level to 25. Pursuant to U.S.S.G. § 3D1.4, the district court added 5 offense levels because there were more than 5 offenses, resulting in a combined adjusted offense level of 30. Whitrock then received a three-level reduction for acceptance of responsibility. As a result, his total offense level was 27. The district court then calculated a criminal history category of III. The advisory Guidelines range thus became 87 to 108 months' imprisonment.

The district court then considered the magnitude of Whitrock's crime spree, finding that the Guidelines did not adequately account for such prolific purloining. The district court noted that because the Guidelines stopped counting at more than five offenses, "the person who committed six bank robberies, for purposes of the [G]uidelines, is treated just the same as the person who had robbed 22 banks." The court also considered the impact of Whitrock's threats of violence on bank personnel and the community as a whole. (Sent. Tr. 25–26). Consequently, the court imposed a six-level upward departure under U.S.S.G. § 5K2.0, establishing the advisory Guidelines range as 168 to 210 months' imprisonment. The district court sentenced Whitrock to 180 months' imprisonment and 36 months' supervised release, which is, in effect, a sentence of about 8 months' imprisonment per robbery.

## II. *Discussion*

In sentencing a defendant, the district court must begin by calculating the advisory Guidelines range. *United States v. Haack*, 403 F.3d 997, 1002–03 (8th Cir. 2005). We have stated that a departure under Chapter 5, Part K is part of the determination of the advisory Guidelines range. *United States v. Sitting Bear*, 436 F.3d 929, 934–35 (8th Cir. 2006). A sentence within the advisory Guidelines range is presumptively reasonable. *United States v. Lincoln*, 413 F.3d 716, 717–18 (8th Cir. 2005).

Whitrock fails to demonstrate that his sentence is unreasonable. As recognized by the district court, the Guidelines do not adequately account for the circumstances presented in this case. Section 3D1.4 provides for a five-level increase for "[m]ore than 5" offenses. Thus, § 3D1.4 treats a person who commits six robberies the same as one who commits twenty-two. The commentary to § 3D1.4 contemplates, and indeed invites, an upward departure where the grouping provided in that section would result in inadequate punishment. § 3D1.4, cmt. background ("Situations in which there will be inadequate scope for ensuring appropriate additional punishment for the additional crimes are likely to be unusual and can be handled by departure from the guidelines.").

Section 5K2.0(a)(3), allows for departures based on exceptional circumstances not adequately taken into consideration by the Guidelines. The robbery of twenty-two banks represents an exceptional circumstance for which the Guidelines do not adequately account. We hold, therefore, the district court acted within its discretion in granting the government's request for an upward departure. The ultimate sentence, roughly eight months' imprisonment for each robbery, is reasonable. We affirm Whitrock's sentence.

_____