# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4483

_____

United States of America,          *
                                   *
          Appellant,               *
                                   *   Appeal from the United States
     v.                            *   District Court for the Eastern
                                   *   District of Missouri.
Terrence T. Beal,                  *
                                   *
          Appellee.                *

_____

Submitted: June 15, 2006
Filed: September 25, 2006

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Terrence T. Beal pleaded guilty to knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(C). The district court sentenced him to eighty-four months in prison, substantially below the applicable advisory Guidelines sentencing range of 188 to 235 months. The government appeals the sentence as unreasonable under United States v. Booker, 543 U.S. 220 (2005). For the reasons discussed below, we reverse and remand for resentencing.

I.

On October 9, 2003, a Bootheel Drug Task Force ("Task Force") undercover officer and a cooperating confidential informant working with the Task Force met with Beal in the 800 block of Morgan Oak Street in Cape Girardeau, Missouri. The undercover officer purchased 4.8 grams of cocaine base, of 32% purity, from Beal for $250. Beal was not arrested.

Following the issuance of a federal indictment for the conduct of October 9, 2003, Beal was arrested on June 15, 2005, by Task Force officers. Officers recovered an aggregate eleven grams of cocaine base, of varying purity, from Beal's person.

In response to Beal's plea of guilty to knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), the government agreed to forgo any further drug charges against him. This agreement related specifically to incidents occurring on September 5 and 25, 2003, and June 2[1] and 15, 2005. In his plea agreement, Beal accepted responsibility for at least five grams but less than twenty grams of cocaine base for sentencing purposes, including all relevant conduct.

Beal has two prior felony convictions for controlled substance offenses, both in the Missouri state courts. On May 6, 2002, he pleaded guilty and was convicted of Sale of a Controlled Substance, a Class B Felony. On the same day, Beal pleaded guilty and was convicted of Possession of a Controlled Substance with the Intent to Distribute, also a Class B felony. For each of the convictions, Beal received a

---

[1]Beal moved to strike portions of the government's brief that referred to a quantity of drugs it claimed an undercover officer purchased from Beal on June 2, 2005. Because our decision is not based on either the June 2, 2005 incident or the quantity of drugs said to have been exchanged on that day, we do not rule on Beal's motion.

suspended imposition of sentence and was placed on five years probation. Based on this criminal history, Beal was classified as a career offender, and the district court placed him in a criminal history category of VI. Combined with a total offense level of thirty-one, Beal fell within a Guidelines range of 188 to 235 months in prison. Neither party challenges this calculation on appeal.

At the sentencing hearing, the district court stated that it had "more discretion than [it] used to," and determined "that a 15-year sentence" for Beal did not serve "any purpose that our society wishes to serve by having punishment." The district court compared Beal with persons of the same career criminal status who "had done two different ten-year sentences in the federal prison." The court found that Beal, who "actually never did any real jail time," did not appear to be "the most hardened criminal" it had "ever had." Concluding "the career offender guidelines . . . work an injustice," the district court sentenced Beal to a term of eighty-four months.

## II.

Under Booker, the district court "must take the advisory guidelines into account together with other sentencing factors enumerated in 18 U.S.C. § 3553(a)." United States v. Claiborne, 439 F.3d 479, 480 (8th Cir. 2006) (citation omitted). Thus, the court must first determine the appropriate sentencing range under the Guidelines. United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005). "The court may then impose a sentence outside the range in order to 'tailor the sentence in light of other statutory concerns' in § 3553(a)." Claiborne, 439 F.3d at 480 (quoting Booker, 543 U.S. at 245-46).

In cases where the applicable Guidelines range is not in dispute, we review whether the sentence imposed is "reasonable." Haack, 403 F.3d at 1003. We review the district court's decision for abuse of discretion. United States v. Dalton, 404 F.3d 1029, 1032 (8th Cir. 2005). A sentence may be unreasonable if "(1) a court fails to

-3-

consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a 'clear error of judgment.'" Haack, 403 F.3d at 1004 (quoting Kern v TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)).

Although the Guidelines sentencing range is advisory, a sentence within the range is presumptively reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005). Sentences that deviate "from the guideline range can be reasonable so long as the judge offers appropriate justification under the factors specified in Section 3553(a)." United States v. Bradford, 447 F.3d 1026, 1028 (8th Cir. 2006) (citation omitted). When the district court varies from the Guidelines range based on § 3553(a) factors, we must determine both "whether 'the district court's decision to grant a § 3553(a) variance from the appropriate guidelines range is reasonable, and whether the extent of any § 3553(a) variance . . . is reasonable.'" Claiborne, 439 F.3d at 481 (quoting United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005)). "[T]he farther the district court varies from the presumptively reasonable guidelines range, the more compelling the justification based on the § 3553(a) factors must be." United States v. McMannus, 436 F.3d 871, 874 (8th Cir. 2006). "An extraordinary reduction must be supported by extraordinary circumstances." Dalton, 404 F.3d at 1033.

In this case, the district court sentenced Beal to eighty-four months in prison, a downward variance of 104 months from the lowest end of the applicable Guidelines range. This sentence was based primarily on the court's view of Beal's personal history and characteristics, the nature of Beal's prior criminal convictions, and concerns about unwarranted sentencing disparities among defendants. After determining that Beal's total offense level under the Guidelines was thirty-one, and placing him in a criminal history category VI, the district court correctly considered many of the factors listed in § 3553(a). The court stated that:

This defendant has two prior convictions for drug offenses, both of which in the state system the state did not believe warranted any jail time. The defendant obviously is culpable and has a bad history, and this is a serious matter, but to say that this defendant should be sentenced to 15 to 20 years is simply overkill. It's not necessary for punishment, it's not necessary for deterrence of others, and it's not necessary to protect the public from this defendant. A much lower sentence, or a lower sentence that is still a significant sentence would meet the sentencing objectives.

Section 4A1.3(b)(1) of the Guidelines states that traditional downward departures "may be warranted" if there is "reliable information" indicating "that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG §4A1.3(b)(1). This provision is instructive regarding the reasonableness of a variance related to criminal history. Section 3553(a)(5) calls for the district court to consider "any pertinent policy statement issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5). The Commission expressly limits the extent of traditional departures based on section 4A1.3(b)(1). A departure for a career offender "may not exceed one criminal history category." USSG §4A1.3(b)(3)(A). Here, the court's variance far exceeded one criminal history category. While we do not suggest that section 4A1.3(b)(3)(A) strictly limits the scope of variances post-Booker, it remains relevant to consider the Guidelines and the commentary in our assessment of reasonableness, and these sources do not support the extent of the variance in this case. Consideration of Guidelines sources is also consistent with the goals of eliminating unwarranted sentencing disparity among similarly situated defendants. See United States v. Saenz, 428 F.3d 1159, 1162 (8th Cir. 2005) (stating that departures and reductions "should not be untethered from the structure of the advisory guidelines" and noting that "[t]hey take place, rather, within the framework of a[] . . . scheme designed to reduce unwarranted sentence disparities among similar defendants").

We believe the district court placed too much weight on the lenient sentences Beal received for his previous felonies. We recognize a judge's concern that the predicate offenses that result in career offender status are not the same for all defendants. However, we are concerned that the variance in this case is so great that it does not give appropriate deference to the congressional policy on career offenders.

"The Sentencing Commission created the career offender provision, Guidelines § 4B1.1, in response to Congress's directive to 'assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and . . . has previously been convicted of two or more prior felonies, each of which is . . . an offense described in [21 U.S.C. § 841].'" United States v. McDonald, No. 05-1617, 2006 WL 2528580, at *6 (8th Cir. Sept. 5, 2006) (quoting 28 U.S.C. § 994(h) (alteration in original)). Congress has also established the avoidance of sentencing disparity as one of the factors to consider under § 3553(a). See 18 U.S.C. § 3553(a)(6) (directing the court to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). While we recognize that not all career offenders have the same severity of criminal conduct in their backgrounds, we also must acknowledge that Congress made the decision to not differentiate between levels of career offenders. The statute and resulting guideline make no distinction between those two-time drug offenders who received lengthy prior prison terms and those who received probation.

Furthermore, while there may be career offender cases where other § 3553(a) factors predominate, we do not feel that this is such a case. However challenging Beal's personal circumstances have been, his conduct since his first convictions in 2002 does not warrant such a large downward variance. As the district court noted,

-6-

"[Beal's] behavior since [the Teen Challenge program[2]] is very inconsistent with what that program says it's trying to do, not just in committing this crime, but [his] personal behavior as well." The court told him,"you did sort of have a chance and you blew it after that program."

We are not convinced that the justifications given in this case are compelling enough to support a variance that is 104 months below the lowest end of the applicable Guidelines range.

### III.

For the foregoing reasons, we reverse and remand for resentencing.

_____

---

[2]Teen Challenge International of Mid-America in Cape Girardeau, Missouri, is a long-term, residential, Christian program that ministers to men with drug, alcohol and other addictions. See Teen Challenge International of Mid-America, http://www.teenchallengemidamerica.com/pages.aspx?PageID=3 (last visited Aug. 25, 2006). Beal participated in the Teen Challenge Residential Substance Abuse Treatment Program in Arkansas and Cape Girardeau, Missouri, from May 7, 2002 until June 2003.