# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 05-3633/3844

_____

United States of America,                    *
                                             *
     Appellee/Cross-Appellant,          *
                                             *
                                             *   Appeals from the United States
v.                                           *   District Court for the
                                             *   Northern District of Iowa.
Russell James Hodge, also known              *
as Rusty Hodge,                              *            [PUBLISHED]
                                             *
     Appellant/Cross-Appellee.          *


_____

Submitted: September 26, 2006
    Filed: November 22, 2006

_____

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

_____

HANSEN, Circuit Judge.


Following our prior remand for resentencing, see United States v. Hodge, 142 Fed. Appx. 268 (8th Cir. 2005) (unpublished), the district court resentenced Hodge to the statutory mandatory minimum sentence of 120 months. Hodge appeals the denial of his motion to compel the United States to file a substantial-assistance downward-departure motion under 18 U.S.C. § 3553(e), and the United States cross appeals, challenging the below-Guidelines sentence. We reverse and remand once again for resentencing.

## I.

Hodge pleaded guilty to being an unlawful user of a controlled substance while in possession of a firearm, see 18 U.S.C. §§ 922(g)(3) and 924(a)(2); conspiring to manufacture, distribute, and possess with the intent to distribute 500 grams or more of actual methamphetamine, see 21 U.S.C. §§ 841(a)(1) and 846; and conspiring to distribute pseudoephedrine knowing it would be used to manufacture methamphetamine, see 21 U.S.C. §§ 841(c)(2) and 846. Hodge pleaded guilty and agreed to cooperate and assist the Government. The plea agreement reserved to the Government the sole discretion of deciding whether to request a departure based upon Hodge's "substantial assistance." At Hodge's initial sentencing hearing, the district court granted Hodge a minor role reduction over the Government's objection. Hodge's adjusted offense level of 25, coupled with his criminal history category of IV, resulted in a Guidelines range of 84 to 105 months of imprisonment. Hodge faced a mandatory minimum sentence of 120 months' imprisonment.

The Government made a motion under United States Sentencing Guidelines Manual (USSG) § 5K1.1 to depart from the Guidelines range based on Hodge's substantial assistance, but because the Guidelines range after the granting of the role reduction adjustment was already below the mandatory minimum, the § 5K1.1 motion was ineffectual without an additional § 3553(e) motion to permit the court to depart below the statutory mandatory minimum. To recognize Hodge's assistance, the Government subsequently made the § 3553(e) motion, but explicitly reserved the right to withdraw the motion in the event its objection to the minor role reduction was successful on appeal. Without the role reduction adjustment, the Guidelines range would have been well above the statutory mandatory minimum. The district court granted the Government's § 3553(e) motion and departed below the statutory mandatory minimum to a sentence of 84 months of imprisonment, the bottom of the applicable Guidelines range.

On appeal, we reversed the sentence, concluding that the district court committed clear error in granting a minor role reduction based on Hodge's role as compared to the other participants in the conspiracy. 142 Fed. Appx. at 269. Without the role reduction at the remanded resentencing, Hodge faced an adjusted offense level of 37, which, coupled with his criminal history category of IV, resulted in an advisory Guidelines range of 292 to 365 months of imprisonment. The Government renewed its USSG § 5K1.1 motion for a substantial-assistance departure below the recalculated advisory Guidelines range, but it withdrew its § 3553(e) motion for a substantial-assistance departure below the statutory mandatory minimum because the advisory Guidelines range on remand was significantly higher than the mandatory minimum of 120 months. Starting with the 292 to 365-month advisory Guidelines range, the district court considered the § 3553(a) sentencing factors as directed by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005), and determined that those statutory factors supported a non-Guidelines sentence of 120 months, the mandatory minimum. The district court then addressed the Government's § 5K1.1 substantial-assistance departure motion and concluded that without a § 3553(e) motion, it was bound by the mandatory minimum and could not give Hodge any benefit for his substantial assistance. Hodge now appeals the denial of his motion to compel the Government to file a § 3553(e) motion, and the Government cross-appeals the reasonableness of the 120-month sentence and the district court's failure to consider a traditional departure prior to considering the § 3553(a) factors.

## II. Hodge's Appeal

On appeal from the remand, Hodge argues that the Government waived its right to withdraw the § 3553(e) motion made at the initial sentencing hearing by not raising the issue of substantial assistance in the first appeal. Alternatively, Hodge claims that even if the Government had the authority to withdraw the § 3553(e) motion, its refusal to make the motion was based on improper motives such that the district court should have compelled the Government to make the motion. We respectfully disagree.

As noted, the Government specifically conditioned its § 3553(e) motion on the denial of its objection to the minor role reduction, noting that "the [§ 3553] E motion that will be made today . . . is being made based upon the Court's ruling of role and that if this case is appealed and the issue comes back . . . that we're not stuck with the 3553(e) motion at this time." (Sept. 30, 2004, Sent. Tr. at 4-5.) The Government's prediction came to fruition, and the Government chose not to renew the § 3553(e) motion on remand for resentencing. The Government clearly did not waive its right to withdraw the § 3553(e) motion in the circumstances of this case.

Nor was the Government required to raise the issue in its first appeal. At the time the Government appealed the original sentence, the district court had granted the Government's § 3553(e) motion. Thus, the Government was not aggrieved by the granting of its own motion, and it was not required to seek review of the then-favorable ruling. When a sentence is vacated and remanded to the district court for resentencing, "'all issues decided by the appellate court become the law of the case,' and the sentencing court is bound to proceed within the scope of 'any limitations imposed on its function at resentencing by the appellate court.'" United States v. Behler, 100 F.3d 632, 635 (8th Cir. 1996) (quoting United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) & United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992)), cert. denied, 522 U.S. 855 (1997). The only issue we addressed and limitation we imposed in the first appeal involved the propriety of a minor role reduction for Hodge. Our mandate directed the district court to "resentence Hodge in accordance with this opinion." 142 Fed. Appx. at 269. That meant that he was not to receive a reduction for his role in the offense at his resentencing. We did not address the extent of Hodge's substantial assistance or the Government's § 5K1.1 and § 3553(e) motions because we were not asked to do so. The Government's failure to specifically appeal the contingency of its § 3553(e) motion as a part of the first appeal did not prevent it from exercising its discretion to withdraw the motion (or not to renew it) when the case was remanded for resentencing where the Government made the motion contingent on the propriety of the role reduction. See United States v.

-4-

Dunlap, 452 F.3d 747, 749-50 (8th Cir. 2006) (holding that the Government was not precluded from offering evidence of drug quantity on remand where the evidence was not offered at the original sentencing based on the district court's adoption of the PSR quantities and its interpretation of defendant's objection as a Blakely objection rather than a quantity objection, such that the Government was not required to establish quantity at the original hearing).

Hodge argues that there was no valid reason for the Government to refuse to make the § 3553(e) motion at his resentencing. According to Hodge, the Government had already concluded that his substantial assistance warranted the motion as evidenced by the Government's § 3553(e) motion at the original sentencing proceeding. Without a substantial-assistance motion from the Government, which the Government had no duty to make based on the terms of the plea agreement, the district court lacked the authority to impose a sentence below the 120-month statutory mandatory minimum "unless the refusal to file the motion was based upon [an] unconstitutional motive." United States v. Pamperin, 456 F.3d 822, 824 (8th Cir. 2006).

An unconstitutional motive is one based on invidious discrimination, such as race or religion, or one that is "not rationally related to any legitimate Government end." Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Moeller, 383 F.3d 710, 712 (8th Cir. 2004) (noting that a substantive due process violation involves government conduct that shocks the conscience and an equal protection violation requires unlawful and purposeful discrimination). Hodge does not argue that the Government's motive was unconstitutional, rather he says that its refusal was made in a bad faith attempt to limit the district court's sentencing discretion. As we have recently noted, however, "bad faith is not a constitutional standard." Moeller, 383 F.3d at 712. The limited exception recognized in Wade does not aid Hodge, who does not allege an unconstitutional motive behind the Government's withdrawal of its § 3553(e) motion.

We recognize that there is an intracircuit split over whether bad faith can provide the basis for compelling the Government to file a § 3553(e) motion absent an otherwise unconstitutional motive. See Pamperin, 456 F.3d at 824 n.2 (comparing Moeller, 383 F.3d at 712, with United States v. Wolf, 270 F.3d 1188, 1191 (8th Cir. 2001), and United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994)); see also United States v. Davis, 397 F.3d 672, 677 (8th Cir. 2005) (Colloton, J., concurring) (urging discontinuance of the "bad faith" terminology following Moeller's clarification of Wade). While we note our agreement with Moeller and the Davis concurrence, we need not wade into the debate here. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Wade, 504 U.S. at 186. Hodge has made nothing more than "generalized allegations of [an] improper motive," which likewise do not entitle him to a remedy. Id.

Even if Hodge's bad faith argument could be characterized as asserting a constitutional violation, that is that the Government's withdrawal of the motion was an attempt to limit the district court's sentencing discretion and therefore "not rationally related to a legitimate Government end," Wade, 504 U.S. at 186, we would reject it. "The government's refusal to file a § 3553(e) or § 5K1.1 motion always has the *effect* of limiting the sentencing court's discretion. But so long as the government is exercising the statutory power conferred by those laws and its action is not based on an unconstitutional motive, its refusal to file the motion is unreviewable." Moeller, 383 F.3d at 713.

Here, the Government recognized Hodge's assistance on remand by making the § 5K1.1 motion, allowing the district court to consider Hodge's assistance in deciding whether to depart below the correct advisory Guidelines range of 292 to 365 months. This is not a case where the Government agreed that the defendant provided substantial assistance but refused to make any motion acknowledging that assistance. Cf. United States v. Anzalone, 148 F.3d 940, 941-42 (8th Cir.) (requiring the

Government to file a § 5K1.1 motion where the Government conceded that the defendant provided substantial assistance but refused to file the motion based on unrelated misconduct), reinstated by, 161 F.3d 1125 (8th Cir. 1998). The decision to make a § 5K1.1 motion but not a § 3553(e) motion, where the defendant faces a 172-month differential between the bottom of the advisory Guidelines range and the statutory mandatory minimum, is within the Government's discretion based "on its rational assessment of the cost and benefit that would flow from moving." Wade, 504 U.S. at 187. See also Pamperin, 456 F.3d at 825 (holding that the Government provided a sufficient reason for making a § 5K1.1 motion but refusing to make a § 3553(e) motion on the basis that no further reduction below the mandatory minimum was appropriate where the defendant faced a 210 to 240-month Guidelines range and a 120-month mandatory minimum). To hold otherwise would require the Government to always make a § 3553(e) motion any time it makes a § 5K1.1 motion. This clearly is not the law. See Pamperin, 456 F.3d at 825; cf. United States v. Stockdall, 45 F.3d 1257, 1260 (8th Cir. 1995) (holding that § 3553(e) allowed the Government to limit its motion to one count of a multicount conviction involving multiple mandatory minimum sentences). The district court did not err in declining to compel the Government to make a § 3553(e) motion.

## III. Government's Cross-Appeal

The Government cross-appeals Hodge's sentence, challenging the district court's procedure of considering the § 3553(a) factors prior to considering the § 5K1.1 departure motion and arguing that the 120-month sentence is unreasonable. We review the district court's application of the Guidelines de novo. See United States v. Zeigler, 463 F.3d 814, 817 (8th Cir. 2006). We review the reasonableness of the ultimate sentence under an abuse of discretion standard, measuring the extent of a district court's variance from the advisory Guidelines range against the statutory factors contained in § 3553(a). Id.

Post-<u>Booker</u>, the first step in sentencing a defendant is to determine the appropriate advisory Guidelines range, including traditional departures.  <u>See</u> <u>United States v. Haack</u>, 403 F.3d 997, 1002-03 (8th Cir.), <u>cert. denied</u>, 126 S. Ct. 276 (2005). In this case, the district court inappropriately applied the § 3553(a) factors before considering the Government's § 5K1.1 departure motion.  We have made clear post-<u>Booker</u> that Guideline departures remain an important and relevant part of determining a defendant's advisory Guidelines range.  <u>See</u> <u>United States v. McDonald</u>, 461 F.3d 948, 952 (8th Cir. 2006) ("The guidelines sentencing range remains the 'critical starting point' of our analysis."); <u>United States v. Kiertzner</u>, 460 F.3d 988, 989 (8th Cir. 2006) ("[P]ost- <u>Booker</u>, . . . it is necessary for sentencing courts to calculate the applicable, advisory Guidelines range, including any traditional departures or reductions, and use that range as one of the factors under § 3553(a) to determine an overall, reasonable sentence."); <u>United States v. Whitrock</u>, 454 F.3d 866, 868 (8th Cir. 2006) ("[A] departure under Chapter 5, Part K is part of the determination of the advisory Guidelines range.").  The district court erred in failing to rule on the § 5K1.1 motion prior to considering the § 3553(a) factors.

Although the district court's failure to consider departures before considering the § 3553(a) factors is subject to harmless error analysis and would generally be harmless to the Government in this situation, <u>see</u> <u>Pamperin</u>, 456 F.3d at 824, it is not harmless here where the Government challenges the reasonableness of the ultimate sentence.  A sentence within the advisory Guidelines range is presumptively reasonable, and the farther a sentence varies from that range based on the other § 3553(a) factors, the more compelling the justification needs to be to support the variance.  <u>See</u> <u>United States v. Beal</u>, 463 F.3d 834, 836 (8th Cir. 2006).  Thus, an accurately calculated advisory Guidelines range, including any legitimate authorized departure, is imperative to ascertaining the reasonableness of the ultimate sentence. We agree with the Government that the 120-month sentence is not justified by the § 3553(a) factors relied upon by the district court, as explained in more detail below,

and the district court's error in failing to consider first the § 5K1.1 departure motion is therefore not harmless.

The Government asserts that Hodge's 120-month sentence is unreasonable. On this record, we agree. Although the Guidelines range is advisory and the district court has discretion in determining a defendant's sentence, the § 3553(a) factors relied upon by the district court do not support a 172-month reduction from the presumptively reasonable Guidelines range (absent consideration of any departure motion) of 292 to 365 months. Therefore, the district court abused its discretion in reaching that sentence based on the articulated factors.

The district court relied on the following facts to support its below-Guidelines sentence: Hodge was addicted to methamphetamine and supplied pseudoephedrine pills in exchange for user quantities of methamphetamine, § 3553(a)(1); a shorter sentence was adequate to meet the goals of deterrence, punishment, and protection of the public, § 3553(a)(2); the Government would not have been able to attribute such a large quantity of drugs to Hodge without his self-incriminating statements and the Government refused to give Hodge immunity for his statements under USSG § 1B1.8, § 3553(a)(4); and a coconspirator whom the district court found to be more culpable received a 120-month sentence, § 3553(a)(6).

"A sentence may be unreasonable if (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Beal, 463 F.3d at 836 (internal marks omitted). In discounting Hodge's sentence based on his drug addiction, the district court failed to consider the policy statements promulgated by the Sentencing Commission, which are relevant factors that should have received significant weight under § 3553(a)(5), separate and apart from considering the advisory Guidelines range under § 3553(a)(4). The Sentencing Commission has

determined that "[d]rug or alcohol dependence is not a reason for a downward departure." USSG § 5H1.4 (policy statement). Although the district court was not considering a downward departure, the policy statements, as directed by § 3553(a)(5), remain relevant to the determination of a reasonable sentence. See Beal, 463 F.3d at 837 ("[P]ost-Booker, it remains relevant to consider the Guidelines and the commentary in our assessment of reasonableness."). We have previously held that drug addiction is not a proper basis for sentencing a defendant below the advisory Guidelines range, absent extraordinary circumstances. See United States v. Likens, 464 F.3d 823, 826 (8th Cir. 2006); United States v. Lee, 454 F.3d 836, 839 (8th Cir. 2006). The district court did not articulate any extraordinary circumstances and abused its discretion in failing to consider the policy statement concerning drug addiction.

Hodge's drug addiction may have motivated his participation in the conspiracy, but he was more than a mere user. Hodge stipulated in his plea agreement that he received a total of over 1,080 grams of pure methamphetamine (clearly not a user quantity) in exchange for supplying hundreds of thousands of pseudoephedrine pills over a two-year period. He also stipulated that he sold methamphetamine. Hodge was denied a minor role reduction in the first appeal because his involvement–providing hundreds of thousands of pseudoephedrine pills–made him not significantly less culpable than his coconspirators. 142 Fed. Appx. at 269. Hodge's addiction does not support shaving over fourteen years off his sentence.

The district court also erred by giving significant weight to an improper factor, see Beal, 463 F.3d at 836, namely the Government's refusal to grant Hodge use immunity for information he provided during debriefing. The district court relied on § 3553(a)(4) as the basis for reducing Hodge's sentence because the Government learned of the extent of Hodge's involvement in the drug conspiracy only through Hodge's own incriminating statements. Section 3553(a)(4) directs the sentencing court to consider the applicable category of offense and the sentencing range

established by the Guidelines. We have held, however, that the prosecutor's denial of use immunity under USSG § 1B1.8 is not a basis for granting a downward departure, as that provision gives the Government the power, but not the duty, to grant a defendant immunity from self-incriminating information provided during the plea process. See United States v. Buckendahl, 251 F.3d 753, 762 (8th Cir.), cert. denied, 534 U.S. 1049 (2001). While a § 1B1.8 agreement precludes the Government from using the self-incriminating information in the calculation of the proper Guidelines range, absent such an agreement, self-incriminating information is properly considered in calculating the advisory Guidelines range. In other words, the Guidelines would include the self-incriminating evidence in this case, and § 3553(a)(4), directing the court to consider the Guidelines, does not justify the district court's exclusion of Hodge's self-incriminating information to support a sentence below the advisory Guidelines range.

The district court also relied on § 3553(a)(2) to support a lesser sentence, but the court failed to articulate what facts about Hodge, who has an extensive criminal history, made a lesser sentence adequate to meet the goals of sentencing discussed in that section. Finally, the district court found the disparity between Hodge's Guidelines range and the 120-month sentence received by Williams, Hodge's coconspirator, to support a lesser sentence. It is not clear from the record that Hodge and Williams were similarly situated. Hodge was in a criminal history category IV and agreed that he participated in the manufacture of at least 15,000 grams of methamphetamine and the distribution of at least 3 kilograms of pseudoephedrine, some of which involved coconspirators other than Williams. The record on appeal does not reveal Williams's criminal history score or the quantity of drugs attributable to him. The fact that Williams was a cooker and Hodge supplied precursors does not necessarily entitle Hodge to a lesser sentence than Williams.

The district court abused its discretion by failing to consider the relevant factor of the Guidelines policy statement concerning drug addiction and by giving too much

weight to the improper factor of the Government's refusal to give Hodge immunity for his self-incriminating statements. The remaining facts relied upon by the district court do not support a sentence 172 months below the advisory Guidelines range, and the 120-month sentence is therefore unreasonable on this record.

## IV.

Hodge's sentence is vacated, and the case is remanded once again for resentencing consistent with this opinion.

_____