

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2007

# USA v. Garcia-Rivas

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2306

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Garcia-Rivas" (2007). *2007 Decisions.* Paper 817.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/817

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2306

UNITED STATES OF AMERICA,

Appellant

v.

GERRY GARCIA-RIVAS

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 05-cr-00327-1
(Honorable Edwin M. Kosik)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2007

Before:  SCIRICA, *Chief Judge*, FUENTES and ALARCÓN[*], *Circuit Judges*.

(Filed: July 3, 2007)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

---

[*]The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

The Government appeals the District Court's decision to sentence Gerry Garcia-Rivas to twelve months and one day in prison for illegal re-entry into the United States following deportation for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). Our recent decision in *United States v. Vargas,* 477 F.3d 94 (3d Cir. 2007) controls this case. We will vacate the sentence and remand for resentencing.

## I.

A grand jury indicted Garcia-Rivas for illegal re-entry into the United States following deportation for an aggravated felony. Garcia-Rivas pled guilty to the indictment. The Government prepared a pre-sentence report, to which there were no objections. The report established the Sentencing Guidelines range as forty-six to fifty-seven months.

At sentencing, defense counsel requested a "non-guideline" sentence to avoid unmerited disparities under 18 U.S.C. § 3553(a)(6): "You see, Your Honor, in some districts, there are fast-track programs where, in exchange for a prompt guilty plea, as this Defendant has given, there are reductions, and Courts have recognized that that disparity, where we don't have a fast-track program, merits the non-guideline sentence." The District Court then questioned defense counsel about fast-track programs. Defense counsel replied fast-track programs exist in "border states." Defense counsel stated that in one of his other cases before the District Court for the Northern District of Illinois, the court granted a departure under similar circumstances because it did not have a fast-track program. Defense counsel requested that the District Court consider the lack of a fast-

2

track program as a factor in determining a reasonable sentence, claiming it was only due to Garcia-Rivas's misfortune in being arrested in a non-fast-track district that he would not be given consideration for his prompt guilty plea.

In fashioning the appropriate sentence, the District Court stated:

> A sentence has to act as a deterrent, and this is where it becomes difficult, when there's disparity in the sentencing. And as counsel pointed out, because of the nature of this offense, the Courts, including our own Courts, have departed from the guidelines, even though those guidelines are appropriate, as calculated when applying an offense.

After considering additional factors, such as Garcia-Rivas's alcohol problem and family situation, the District Court imposed a sentence of twelve months and one day in prison.

## II.

We have jurisdiction to review Garcia-Rivas's sentence for reasonableness under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b)(1) and (3).

This case is governed by our recent decision in *Vargas*. Vargas was indicted by a grand jury as an aggravated felon[1] who re-entered the United States after being deported, a violation of 8 U.S.C. § 1326(a) and (b)(2). Vargas contended the District Court should have considered the disparity between fast-track and non-fast-track districts in fashioning his sentence. *Vargas*, 477 F.3d at 98. We observed that nearly every court of appeals in the United States had rejected the argument that the sentencing disparity created by fast-

---

[1] Vargas had been convicted of a knife-point felony. *Vargas*, 477 F.3d at 102–103. He contended that his family circumstances, including the health problems of his wife and son, counseled toward reducing his sentence. *Id.* at 97–98.

3

track programs was unwarranted. *Id.* at 98–99 (citations omitted). In rejecting this argument, courts generally relied on Congress's explicit approval of fast-track programs in section 401(m) of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act, Pub. L. No. 108-21, 117 Stat. 650, 675 (2003). *Vargas*, 477 F.3d at 98–99. We agreed that a sentencing disparity authorized by Congress could not be considered unwarranted under § 3553(a)(6). *Id.* at 100.

When arguing for a reduction based on disparate treatment under § 3553(a)(6), the burden is on the defendant to demonstrate similarity by showing the other defendant's circumstances were exactly parallel. *Id.* (citing *United States v. Charles*, 467 F.3d 828, 833 n.7 (3d Cir. 2006)). No such showing was made by Vargas. *Id.* Moreover, the establishment of fast-track programs is a decision of the Attorney General and Congress—the establishment of advisory sentencing guidelines is appropriately considered by the Sentencing Commission, not individual courts. *Id.*

When the District Court sentenced Garcia-Rivas on March 14, 2006, we had not decided the issue in *Vargas*. The District Court took into account that Garcia-Rivas would have had a lower sentence had he been arrested in a district with a fast-track program. Additionally, Garcia-Rivas made no showing that his circumstances were exactly parallel to those of defendants given lower sentences in non-fast-track districts.

As in *Vargas*, it was unreasonable to consider the disparity between fast-track and non-fast-track districts in issuing a sentence of twelve months and one day when the advisory guidelines range was forty-six to fifty-seven months.

4

We also note the District Court appears to have considered Garcia-Rivas's history of alcohol abuse as a factor justifying a below guideline sentence. At sentencing, defense counsel requested that the court consider Garcia-Rivas's history of alcohol abuse and alcoholism, claiming this history was "basically responsible" for his criminal history. The District Court acknowledged that Garcia-Rivas may have been under the influence of alcohol when he brandished a knife during the robbery. The District Court then stated that Garcia-Rivas had acted responsibly for most of the time he was in this country, except for his alcohol problem.

A trial court is required to consider any pertinent policy statement issued by the Sentencing Commission in shaping a sentence. 18 U.S.C. § 3553(a)(5). The Sentencing Guidelines provide that "[d]rug or alcohol dependence or abuse is not reason for a downward departure." USSG § 5H1.4. In a recent case, the United States Court of Appeals for the Eighth Circuit held "drug addiction is not a proper basis for sentencing a defendant below the advisory Guidelines range, absent extraordinary circumstances." *United States v. Hodge*, 469 F.3d 749, 757 (8th Cir. 2006) (citing *United States v. Likens*, 464 F.3d 823, 826 (8th Cir. 2006); *United States v. Lee*, 454 F.3d 836, 839 (8th Cir. 2006)). On remand, the District Court should consider the policy statements promulgated by the Sentencing Commission together with the other § 3553(a) factors.

**III.**

For the foregoing reasons, we will vacate the sentence and remand to the District Court for resentencing.

5