# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1093

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Brian Hemphill, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 5, 2007
Filed: September 10, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Brian Hemphill challenges the 210-month prison sentence imposed by the district court[1] following his guilty plea to distributing approximately 1.22 grams of a substance containing cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860; and to possessing with intent to distribute approximately 4.91 grams of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Hemphill was sentenced as a career offender under U.S.S.G. § 4B1.1. His advisory Guidelines range was 210-262 months in prison. On appeal, Hemphill asserts that his sentence is unreasonable and that the district court should have varied downward in light of (1) his young age at the time he committed the offenses underlying his career-offender status, (2) his minor role in those predicate offenses, and (3) the small amount of drugs involved in his current offenses.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Hemphill to the low end of his advisory Guidelines range. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007) (presumption of reasonableness applies to sentence imposed within advisory Guidelines range); *United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005) (sentence is reviewed for abuse of discretion, which occurs if court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment); *cf. United States v. Beal*, 463 F.3d 834, 837 (8th Cir.) (reversing and remanding for resentencing where district court based substantial downward variance on relative lack of severity of career-offender predicate offenses; explaining, "While we recognize that not all career offenders have the same severity of criminal conduct in their backgrounds, we also must acknowledge that Congress made the decision not to differentiate between levels of career offenders."), *petition for cert. filed*, (U.S. Dec. 21, 2006) (No. 06-8498); *United States v. Claiborne*, 439 F.3d 479, 481 (8th Cir. 2006) (substantial downward variance was unreasonable because, inter alia, small amount of crack cocaine was taken into account in determining Guidelines range), *vacated as moot*, 127 S. Ct. 2245 (2007); *United States v. Shoupe*, 929 F.2d 116, 120 (3d Cir. 1991) (bare fact that defendant was 18 years old when he committed predicate offenses is not extraordinary and does not warrant downward departure).

Accordingly, the judgment is affirmed.

_____