# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 09-3075

_____

Russell James Hodge,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant,　　　　　*
　　　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　　v.　　　　　　　　　　　　　*　　District Court for the
　　　　　　　　　　　　　　　　　　*　　Northern District of Iowa.
United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee.　　　　　　*

_____

Submitted: April 14, 2010
Filed: April 27, 2010

_____

Before BYE, JOHN R. GIBSON, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Following our prior two opinions remanding this case for resentencing, see United States v. Hodge, 142 Fed. Appx. 268 (8th Cir. 2005) (Hodge I) (unpublished) (per curiam); United States v. Hodge, 469 F.3d 749 (8th Cir. 2006) (Hodge II), the district court[1] resentenced Russell James Hodge to 163 months' imprisonment, a sentence below the advisory sentencing guidelines range. After the judgment became final and the United States Supreme Court filed Gall v. United States, 552 U.S. 38

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

(2007), Hodge filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The district court denied his § 2255 motion as time-barred and held that <u>Gall</u> should not be applied retroactively, but it granted a certificate of appealability on the question of whether <u>Gall</u> should be applied retroactively to Hodge. Hodge appeals, arguing that <u>Gall</u> should be applied retroactively. For the following reasons, we affirm.

I.

On June 8, 2004, Hodge pled guilty to possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); conspiring to manufacture, distribute, and possess with the intent to distribute 500 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and conspiring to distribute pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(c)(2) and 846. At sentencing, the district court granted a two-level reduction for Hodge's role in the offense and a three-level reduction for acceptance of responsibility. With a criminal history category IV, Hodge faced a sentencing range of 84 to 105 months' imprisonment and a 120-month mandatory minimum. The district court imposed a sentence of 84 months' imprisonment. The Government appealed the district court's grant of a reduction for a minor role in the offense. We held that the district court clearly erred in finding that he was a minor participant in the offense and remanded for resentencing in accordance with the advisory sentencing guidelines. <u>Hodge I</u>, 142 Fed. Appx. at 269.

At the second sentencing hearing, the district court found that Hodge had an offense level of 37 and a criminal history category of IV, resulting in an advisory guidelines range of 292 to 365 months' imprisonment. The district court granted a variance from the advisory guidelines range and imposed a below-guidelines range sentence of 120 months' imprisonment, which was the statutory mandatory minimum.

Upon appeal, we concluded that the below-guidelines sentence was unreasonable and remanded for resentencing. Hodge II, 469 F.3d at 758.

At the third sentencing hearing on June 4, 2007, the district court sentenced Hodge to 163 months' imprisonment, still below the advisory guidelines range of 292 to 365 months' imprisonment. The judgment was filed on June 7, 2007, and neither party filed an appeal before the judgment became final.

In December 2007, the United States Supreme Court released Gall, which addressed the standard of review a court of appeals must apply when reviewing the sentence a district court imposed. In August 2008, following Gall and more than a year after his sentence became final, Hodge filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. A one-year statute of limitations generally applies to § 2255 motions. The district court held that if Gall was to be applied retroactively, the statute of limitations would not apply and Hodge's motion would be timely filed. However, it determined that Gall did not apply retroactively and, therefore, his motion was time-barred. Nevertheless, because the district court explained that "'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner,'" (Add. at 15 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000))), it granted a certificate of appealability to resolve the question of whether Gall should be applied retroactively to permit resentencing for Hodge.

Hodge now appeals the issue of whether Gall should apply retroactively, pursuant to the certificate of appealability.

II.

We review the denial of a § 2255 motion *de novo*. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005) (per curiam).

Hodge contends that <u>Gall</u> should be applied retroactively to cases that became final prior to its filing. We previously addressed the issue of a Supreme Court opinion's retroactivity in <u>Never Misses A Shot</u>. "When a Supreme Court decision results in a 'new rule' of criminal procedure, that rule applies to all criminal cases still pending on direct review, but, as to convictions that are already final, that rule applies only in limited circumstances." <u>Id.</u>, 413 F.3d at 783 (citing <u>Schriro v. Summerlin</u>, 542 U.S. 348 (2004). "New substantive rules—which narrow the scope of a criminal statute or which place particular conduct or persons covered by the statute beyond the State's power to punish—generally apply retroactively." <u>Id.</u> "New procedural rules generally do not apply retroactively unless the rule is of 'watershed' magnitude implicating 'the fundamental fairness and accuracy of the criminal proceeding,' or unless the rule prevents the lawmaking authority from criminalizing certain kinds of conduct." <u>Id.</u> (citing <u>Schriro</u>, 542 U.S. at 352). <u>See also</u> <u>Teague v. Lane</u>, 489 U.S. 288, 310-311 (1989) (holding that new constitutional rules of criminal procedure will not be applicable to those cases which have become final before new rules are announced unless the rule (1) places conduct beyond the power of a criminal law-making body to proscribe or (2) is a "watershed rule[] of criminal procedure").

In <u>Never Misses A Shot</u>, the defendant pled guilty to sexual abuse and escape and was sentenced to 420 months' imprisonment partially as a result of an increase in offense level based on facts neither admitted by him nor proved to a jury beyond a reasonable doubt. <u>Id.</u> at 782. The sentence became final in May 2004, just before the Supreme Court announced its opinion in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Never Misses A Shot filed a habeas petition under § 2255 and argued before our court that <u>United States v. Booker</u>, 543 U.S. 220 (2005), should be retroactively applied to his sentence. We held that, like all the other circuit courts to consider the issue, "the 'new rule' announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." <u>Never Misses A Shot</u>, 413 F.3d at 783-84 (collecting cases). <u>See also</u> <u>Ausler v. United States</u>, 545 F.3d 1101, 1105 (8th Cir. 2008) (explaining that "[w]e

have continued to apply Never Misses A Shot after the Supreme Court's decisions in [Kimbrough] and [Gall]").

Here, Hodge asserts that Gall "involves a substantive interpretation" of 18 U.S.C. § 3553, and the United States Sentencing Guidelines such that Gall should apply retroactively. (Appellant's Br. at 8.) Hodge points to Bousley v. United States, 523 U.S. 614 (1998), in support of his argument. In Bousley, the defendant pled guilty to "using" a firearm in violation of 18 U.S.C. § 924(c)(1). Bousley, 523 U.S. at 616. After Bousley's conviction was final, the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the "use" prong required the Government to show "'active employment of the firearm.'" Bousley, 523 U.S. at 616 (quoting Bailey, 516 U.S. at 144). Bousley filed a habeas petition challenging his guilty plea and claimed that the Supreme Court's earlier decision should be applied retroactively. The Court held that Teague's guidelines on when a new procedural rule was to be applied retroactively did not apply because the issue in Bousley was not a procedural rule, but an interpretation of a criminal statute. Id. at 620.

Hodge appears to suggest that, like Bousley, Gall is an interpretation of a statute, 18 U.S.C. § 3553(a), not a new procedural rule. However, Gall and its predecessor Booker were not substantive statutory decisions. See, e.g., United States v. Tchibassa, 646 F. Supp. 2d 144, 150 (D.D.C. 2009) (explaining that "Booker and its progeny are constitutional decisions about sentencing procedure, rooted in Sixth Amendment concerns" and "are not substantive statutory decisions"). In fact, it would be somewhat odd to say that Booker was a procedural decision that did not apply retroactively, but one of its progeny, Gall, was a substantive statutory decision that does apply retroactively. See, e.g., United States v. Felipe, 2008 WL 4601917, *2 (E.D. Pa. 2008) (unpublished) ("Even if these cases had heralded some new procedural rule, such rule would not be applied retroactively to [defendant] because, as further explications of [Booker] (which has consistently been held not to have retroactive effect), Kimbrough and Gall must be interpreted to the same non-

retroactive effect."). Thus, we hold that <u>Gall</u> does not apply retroactively to cases that became final prior to its filing.

Hodge also argues that his sentence should be reversed because the district court "expressed disapproval of the sentence it had to give" but "felt bound by" our existing precedent. (Appellant's Br. at 13.) However, he cites no caselaw or valid legal arguments to support his contention that we must apply <u>Gall</u> retroactively to Hodge's sentence merely because the district court was unhappy with the sentence it felt compelled to impose under existing precedent. Accordingly, we cannot say that the district court erred in denying Hodge's § 2255 motion. <u>See</u> <u>Never Misses A Shot</u>, 413 F.3d at 783.[2]

## III.

Accordingly, the judgment of the district court is affirmed.

_____

_____

[2]Because we reject Hodge's argument that <u>Gall</u> applies retroactively, we will not address his argument that equitable tolling and the interests of justice provide grounds for Hodge to raise his untimely <u>Gall</u> claim.