**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50384 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05287-JM-1 |
| v. | |
| MARTIN LOPEZ-GONZALO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted June 4, 2013
Pasadena, California

Before: THOMAS, SILVERMAN and FISHER, Circuit Judges.

Defendant-Appellant Martin Lopez-Gonzalo appeals his 36-month sentence

for illegal reentry after deportation, 8 U.S.C. § 1326. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

**1.** The district court did not plainly err in failing to expressly consider

U.S.S.G. § 4A1.3, a policy statement concerning "departures based on inadequacy

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of criminal history."[1]  It is not clear that § 4A1.3 is a "pertinent policy statement" that the district court was required to consider under 18 U.S.C. § 3553(a)(5). Unlike the out-of-circuit cases that Lopez cites, *United States v. Hodge*, 469 F.3d 749 (8th Cir. 2006), and *United States v. Engle*, 591 F.3d 495, the district court's upward variance was not directly contrary to § 4A1.3.  The sentencing transcript indicates that the district court varied upwards not because he thought Lopez's criminal history category underrepresented the seriousness of his criminal history, but primarily because Lopez's prior 27-month sentence failed to deter him from committing the same offense six weeks after being released from prison. Therefore, the district court did not plainly commit procedural error.

**2.**  The district court did not abuse its discretion in sentencing Lopez to an above-Guidelines, 36-month term of imprisonment.  *See Gall v. United* States, 552 U.S. 38, 41 (2007) ("[C]ourts of appeal must review all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse-of-discretion standard."); *United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc) ("[R]eview of the substantive reasonableness of a sentence is

---

[1] We reject Lopez's argument that plain error review does not apply. Federal Rule of Criminal Procedure 51(b) is inapplicable where, as here, the district court offered numerous opportunities during the sentencing hearing for Lopez to raise the issue he now appeals.

deferential and will provide relief only in rare cases.").  The district court's conclusion that deterrence should be given significant weight is entitled to deference, *see United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009), as is the district court's assessment that the *length* of Lopez's prior 27-month sentence (regardless of its alleged flaws) did not adequately deter him from committing the same crime only six weeks after being released from prison.  *See, e.g., id.* at 908 (upholding as reasonable the district court's sentence in light of the defendant's repeated immigration violations and the district court's statement that he was imposing a severe sentence that would properly inform the defendant not to return to the United States); *cf., United States v. Segura-Del Real*, 83 F.3d 275, 277-78 (9th Cir. 1996) (upholding upward departure in light of repetitive immigration violations, which demonstrated defendant's lack of recognition of the gravity of such offenses and his propensity to continue committing them).

    **AFFIRMED**.